■ In the Matter of NEW YORK COUNTY DES LITIGATION. KIMBERLY F. NEUENSCHWANDER, Appellant, v ELI LILLY & CO. et al., Respondents. [642 NYS2d 860] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered March 21, 1995, which granted defendants' motions for summary judgment dismissing the complaint as time-barred, unanimously affirmed, without costs.

We agree with the IAS Court that an Alabama court would hold that plaintiff's cause of action accrued on the date of her last exposure to DES while *in utero* (*see, Garrett v Raytheon Co.*, 368 So 2d 516 [Ala]), and that while the two-year Alabama Statute of Limitations (Ala Code § 6-2-38 [*l*]), which concededly applies (CPLR 202; *Besser v Squibb & Sons*, 146 AD2d 107, *affd* 75 NY2d 847), was tolled during plaintiff's infancy, it expired many years before plaintiff brought this action well into her adulthood. But even if, as plaintiff argues, an Alabama court would hold that accrual did not occur until the date of diagnosis (*see, Mobile Infirmary v Delchamps*, 642 So 2d 954 [Ala]), the action would still be time-barred, in view of plaintiff's admission that she was diagnosed with amenorrhea and squamous metaplasia in 1985, and the rule in Alabama that the period of limitations begins to run "[a]t the time of the first legal injury * * * whether or not the full amount of damages is apparent" (*Smith v Medtronic Inc.*, 607 So 2d 156, 159 [Ala]; *Garrett v Raytheon Co., supra*, at 519-520). We have considered plaintiff's other arguments and find them to be without merit. Concur—Murphy, P. J., Rubin, Kupferman, Ross and Tom, JJ.